The trial court improvidently exercised its discretion when it denied defendant a one-day adjournment to bring in a witness, while also granting the People’s request for a missing witness charge concerning that witness.
Defendant, the last witness to testify, made reference to a friend who had been with him at certain relevant junctures. After defendant completed his testimony, the People requested a missing witness charge concerning the friend. Defense counsel argued that there was insufficient basis for the charge, and alternatively requested a one-day adjournment to secure the presence of the witness. The court denied the adjournment, proceeded directly to summations and charge, and delivered a missing witness instruction.
Having granted the People’s request for the instruction, the court should have granted defendant a short adjournment. A missing witness issue “must be raised as soon as practicable so that the court can appropriately exercise its discretion and the parties can tailor their trial strategy” (People v Gonzalez, 68 NY2d 424, 428 [1986]). Here, the moving party raised the issue after defendant’s testimony, when the issue became apparent. The court should have then accorded the nonmoving party the opportunity to avoid the missing witness charge by calling the witness. Although defendant was willing to call the witness, the court effectively rendered the witness unavailable, thus negating the availability requirement for a missing witness charge.
The court apparently denied the adjournment on the ground that defendant should have anticipated the missing witness issue. However, an adjournment to the next day would have been reasonable under the circumstances.
We do not find the error to be harmless. The case required the jury to make a credibility determination regarding conflicting testimony given by police witnesses and by defendant, who was unfairly burdened by a missing witness charge.
*482 In light of the foregoing, we do not reach defendant’s remaining contentions, including whether the missing witness charge was proper, except that we find that the verdict was not against the weight of the evidence. Concur — Mazzarelli, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.